UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LORENZO VIRGIL WHITE,

    Petitioner,

v.                                                  CASE NO. 6:06-cv-330-Orl-18DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner filed an amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 30). Upon consideration of the amended petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 34). Petitioner filed a reply to the response (Doc. No. 36).

Petitioner alleges six claims for relief in his habeas petition: (1) the trial court erred by admitting evidence that was irrelevant and prejudicial and by refusing to issue a cautionary instruction to the jury; (2) the trial court erred in denying the defense's motion for mistrial after the State violated a motion in limine; (3) appellate counsel rendered ineffective assistance by failing to raise on appeal that the trial court erred in denying his

motion for continuance; (4) trial counsel rendered ineffective assistance by failing to object and preserve the issue of insufficiency of the evidence; (5) appellate counsel rendered ineffective assistance by failing to raise the issue of the trial court's denial of the motion for mistrial based on the use of mugshot photographs; and (6) appellate counsel rendered ineffective assistance by failing to raise the issue of the trial court's denial of the motion to exclude DNA evidence.

I.  *Procedural History*

Petitioner was charged by amended information along with two co-defendants with one count of robbery with a firearm. Petitioner and his co-defendants were tried together in a jury trial. The jury found Petitioner guilty of the lesser-included offense of robbery with a weapon. The trial court sentenced Petitioner as a habitual felony offender and prison releasee reoffender to a thirty-year minimum mandatory term of imprisonment. Petitioner and his co-defendants filed a consolidated appeal. On June 8, 2004, the Fifth District Court of Appeal of Florida *per curiam* affirmed. *See* App. C at 81. Petitioner filed a motion for rehearing, which was denied.

Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The state trial court denied the 3.850 motion, and Petitioner appealed. The Fifth District Court of Appeal *per curiam* affirmed on May 17, 2005. *See* App. D at 90.

Petitioner next filed a state petition for writ of habeas corpus with the state appellate court. On February 1, 2006, the petition was denied.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct

3

governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

Moreover, it is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied*, 469 U.S. 956 (1984). The Eleventh Circuit Court of Appeals has applied *Strickland* to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992); *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). Thus, in order to establish ineffective assistance of appellate counsel, Petitioner must show both prongs of the test enunciated in *Strickland*.

III. *Analysis*

A. *Claim One*

Petitioner asserts that the trial court erred by admitting a photograph that depicted an accomplice to the offense who was found dead after the offense and is presumed to have committed suicide. Petitioner further argues that the trial court should have issued a cautionary instruction to the jury regarding the accomplice's death and his autopsy report. Petitioner asserts that the trial court's actions denied him his right to a fair trial in violation of the United States Constitution.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[2] or (2) are not exhausted but would clearly be barred if returned to state court.[3] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, the federal courts may not address claims that have not been presented in the state court if the state court would have found

---

[2]*Harris v. Reed*, 489 U.S. 255 (1989).

[3]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment 'clearly and expressly' state that its judgment rests on a procedural bar.").

6

the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[4]

The United States Supreme Court has determined that in order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Conner*, 404 U.S. 270, 275-76 (1971)) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998).

The instant claim was not raised as a federal constitutional violation in the state courts. Instead, it was raised purely as a matter of state law. *See* App. C at 16-20. Thus, the federal claim has not been exhausted. Furthermore, it is obvious that this unexhausted federal claim would be procedurally barred if now raised in the state court. Accordingly, the instant claim appears to be procedurally barred in this Court.

There are two exceptions to the procedural default bar. First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the "fundamental miscarriage of justice," only

---

[4]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061 (1994).

"occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim one is procedurally barred.

### B.   Claim Two

Petitioner asserts that the trial court erred in denying defense counsel's motion for mistrial when, during closing argument, the State violated the trial court's ruling that the State could not refer to the accomplice's death as a suicide. Petitioner maintains that the trial court's ruling denied him his right to a fair trial. Petitioner raised this claim on direct appeal, wherein he asserted that the trial court's ruling denied his federal constitutional right to due process. *See* App. C at 23. The state appellate court denied the claim. *See id.* at 81.

The record reflects that Petitioner and his codefendants filed a motion in limine requesting that photographs depicting the body of a purported accomplice to the crime and any reference to his death as a suicide be excluded from the trial. *See* App. A at 30-34. During oral argument on the motion, the State indicated that it intended to introduce testimony that when law enforcement arrived on the scene, the accomplice "appeared to be dead, [and] he shot himself with a gun. . . ." *Id.* at 30. The state trial court agreed with the State's limited introduction of evidence regarding the death of the accomplice. *See id.*

8

at 33-34. The state court reasoned that such evidence was not inflammatory or unreasonable. *Id.* at 33. During closing argument, the State referred to the accomplice's suicide twice, and Petitioner moved for a mistrial. *Id.* at 1288, 1306. The state trial court denied the motion. *Id.* at 1321-31.

As an initial matter, the Court notes that the State seemingly did not violate the state trial court's ruling on the motion in limine. Therefore, no basis existed for granting the motion for mistrial. Furthermore, to the extent the trial court's ruling on the motion in limine was violated, the trial court's denial of the motion for mistrial was harmless error. Petitioner was found guilty of the lesser-included offense of robbery with a weapon, instead of robbery with a firearm. Thus, to the extent Petitioner complains of the State's reference to the firearm used by the accomplice to kill himself and the use of that firearm during the robbery, he has not demonstrated he was prejudiced by it. The evidence of Petitioner's guilt was overwhelming. In sum, Petitioner has not established that the trial court's ruling had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993) (holding that the petitioner must establish that the trial error had a substantial and injurious effect or influence in determining the jury's verdict). Accoridngly, this claim is denied pursuant to § 2254(d).

C. *Claim Three*

Petitioner asserts that appellate counsel rendered ineffective assistance by failing to raise on appeal the trial court's alleged error in denying defense counsel's motion for continuance. In support of this claim, Petitioner asserts that defense counsel moved for a

continuance on February 26, 2003, because counsel had received several hundred pages of additional evidence. Petitioner raised this claim in his state habeas petition, and the state appellate court denied relief. *See* App. E at 3-8, 44.

In order to determine whether Petitioner's counsel rendered ineffective assistance by failing to appeal Petitioner's conviction and sentence on this ground, the Court must examine the merits of the argument Petitioner alleges his counsel failed to raise. *See Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988); *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied*, 469 U.S. 956 (1984). Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." *Id.*

The record reflects that the trial court conducted a hearing on defense counsel's motion to continue the trial on February 26, 2003. *See* App. A at 1392-02. Petitioner's counsel indicated that he had received additional evidence and wanted a continuance in order to review it. *Id.* at 1392-93. The prosecutor stated that the State would not be introducing a large portion of the evidence and that a substantial portion of the evidence was either duplicative of other evidence, irrelevant, or insignificant. *Id.* at 1396-98. The state trial judge determined that a continuance was not warranted, but ordered the State to make a fingerprint expert identified in the discovery materials available to the defense before the trial. *Id.* at 1399. Prior to the beginning of the trial, Petitioner's counsel was asked by the trial court whether he had any motions he wished to be heard. *See* App. A at 16-41. Trial counsel argued a number of motions, but he did not renew his request for a continuance nor did he indicate that he was not prepared for trial. *Id.* The state trial court

specifically asked trial counsel if he was ready to proceed to trial, and counsel responded affirmatively. *Id.* at 43.

There is no indication in the record that trial counsel was not prepared for trial or was prejudiced in any manner by the trial court's denial of the motion for continuance. As such, Petitioner has not shown that the trial court's alleged error in denying the motion had any merit, and appellate counsel did not render deficient performance by failing to raise the claim. Accordingly, the state court's determination was not objectively unreasonable, and the claim is denied pursuant to § 2254(d).

D.   *Claim Four*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to object to and preserve the issue of insufficiency of the evidence by requesting a judgment of acquittal. Petitioner alleges that trial counsel failed to request a judgment of acquittal based on the State's failure to prove the elements of the offense. Petitioner raised this issue in his 3.850 motion, and the state trial court denied it. *See* App. D at 50-51. The state court determined that defense counsel did seek a judgment of acquittal both after the close of the State's case and after the defense rested, thereby preserving the issue of insufficiency of evidence. *Id.*

The record reflects that the state court's determination is correct. Defense counsel moved for judgment of acquittal based on insufficiency of the evidence, and the motion was denied. *See* App. D at 52-68. Thus, Petitioner has not established that the state court's

11

finding of no deficient performance or prejudice is objectively unreasonable. Accordingly, this claim is denied pursuant to § 2254(d).

### E. Claim Five

Petitioner asserts that appellate counsel rendered ineffective assistance by failing to raise the trial court's alleged error in denying the defense's motion for mistrial. Petitioner contends that the trial court erred by admitting into evidence photographs of him after he was arrested in which he was hand-cuffed and standing by a law enforcement vehicle. Petitioner asserts that the photographs had no probative value and were prejudicial. Petitioner raised this claim in his state habeas petition, and the state appellate court denied relief. *See* App. E at 12-14, 44.

Pursuant to Florida law, "[t]he admission of photographs is within the trial court's discretion," and the appellate court's review of the trial court's ruling is based on whether the trial court abused its discretion. *Manley v. State*, 677 So. 2d 104, 105 (Fla. 5th DCA 1996). Moreover, if evidence is erroneously admitted, the error is reviewed to determine if it was harmless. *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986) (noting that an error is harmless if no reasonable probability exists that the error influenced the jury verdict).

The record in the instant case indicates that the State offered into evidence photographs of Petitioner taken shortly after his arrest wherein he was hand-cuffed and standing near a law enforcement vehicle. The photographs were offered to show what Petitioner was wearing when arrested. Defense counsel objected to the admission of the

photographs, arguing that the prejudicial effect outweighed the probative value pursuant to section 90.403, Florida Statutes. *See* App. A at 484-87.

Nothing in the record indicates that the trial court abused its discretion by admitting the photographs. Moreover, in light of the overwhelming evidence of Petitioner's guilt, even assuming the admission of the photographs was an error, it was a harmless error. Appellate counsel need not raise issues that he reasonably concludes will not be considered on the merits by the appellate court or reasonably considers to be without merit. *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984); *see also Alvord*, 725 F.2d at 1291. Accordingly, this claim is denied pursuant to § 2254(d).[5]

### F. Claim Six

Petitioner asserts that appellate counsel rendered ineffective assistance by failing to raise on appeal the trial court's alleged error in denying the motion to exclude DNA evidence. In support of this claim, Petitioner maintains that the trial court admitted into evidence inconclusive DNA evidence, which was improperly collected and which had no probative value. Petitioner raised this claim in his state habeas petition, and the state appellate court denied relief. *See* App. E at 8-11, 44.

---

[5] To the extent Petitioner asserts that appellate counsel was ineffective for failing to raise the trial court's error of admitting "mugshots" into evidence, this argument was not raised by trial counsel. Because no objection was made at trial on this basis, the issue was not preserved for review on appeal. *Clark v. State*, 363 So. 2d 331, 333 (Fla. 1978) ("[E]ven constitutional errors, other than those constituting fundamental error, are waived unless timely raised in the trial court."), *overruled in part*, *DiGuilio*, 491 So. 2d 1129 (Fla. 1986). Thus, appellate counsel was not ineffective for failing to raise this issue.

...

"'[N]ovel scientific evidence is not admissible in Florida unless it meets the test established in *Frye*[6]...,' which requires that such evidence 'be sufficiently established to have gained general acceptance in the particular field in which it belongs.'" *Bevil v. State*, 875 So. 2d 1265, 1268 (Fla. 1st DCA 2004). In Florida, "DNA testing requires a two-step process, one biochemical and the other statistical. The first step uses principles of molecular biology and chemistry to determine that two DNA samples look alike. The second step uses statistics to estimate the frequency of the profile in the population. Both steps must satisfy the *Frye* test." *Id.* (citing *Butler v. State*, 842 So. 2d 817, 827 (Fla. 2003)). Florida courts have recognized that "DNA test results are generally accepted as reliable in the scientific community, provided that the laboratory has followed accepted testing procedures that meet the *Frye* test to protect against false readings and contamination." *Hayes v. State* 660 So. 2d 257, 264 -265 (Fla. 1995).

In the instant case, the state trial court conducted a *Frye* hearing. *See* App. A at 871-967. The trial court determined that the State had met its burden, that the testimony would assist the jury, and that the evidence met the general acceptance standards of *Frye*. *Id.* at 963-66. Petitioner has not established that the state trial court's determination regarding the admissibility of the DNA evidence was improper. As noted *supra*, appellate counsel need not raise issues that he reasonably concludes will not be considered on the merits by

---

[6]*Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923).

the appellate court or reasonably considers to be without merit. *Francois*, 741 F.2d at 1285; see also *Alvord*, 725 F.2d at 1291. Accordingly, this claim is denied pursuant to § 2254(d).[7]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 30, filed January 2007) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this ___ day of July, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sc 7/27
Lorenzo Virgil White
Counsel of Record

---

[7]To the extent Petitioner asserts that appellate counsel was ineffective for failing to argue that the probative value of the DNA evidence was outweighed by its prejudicial effect pursuant to section 90.403, Florida Statutes, this argument was not raised by trial counsel. Because no objection was made at trial on this basis, the issue was not preserved for review on appeal. *Clark v. State*, 363 So. 2d at 333 ("[E]ven constitutional errors, other than those constituting fundamental error, are waived unless timely raised in the trial court."), *overruled in part*, *DiGuilio*, 491 So. 2d 1129 (Fla. 1986). Thus, appellate counsel was not ineffective for failing to raise this issue.

15